408 So.2d 809 (1982)
WASHINGTON SQUARE ASSOCIATES, LTD., et al., Appellant,
v.
Honey BOURNE, Appellee.
No. ZZ-36.
District Court of Appeal of Florida, First District.
January 18, 1982.
*810 Anthony J. Beisler, Fort Lauderdale, for appellant.
Don Lacy, Fort Lauderdale, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which claimant was found to have sustained a compensable injury, with entitlement to various workers' compensation benefits. Jurisdiction was retained as to "additional benefits." The parties agree that the appropriate compensation rate should be $125.40, and the order is hereby amended in this regard. The order is reversed and remanded as to the retention of jurisdiction for "additional benefits," and, as amended, is otherwise affirmed.
Claimant sustained injury in a work-related automobile accident and, unaware of her possible entitlement to workers' compensation benefits, personally obtained and paid for medical treatment. Employer/carrier contend that claimant is not entitled to reimbursement, by way of workers' compensation benefits, for any medical payments covered by P.I.P. insurance. However, employer/carrier expressly waived an individualized accounting as to the various medical bills, and stipulated that medical was accepted if the injury were found to be compensable. The order requires reimbursement only for those medical benefits which claimant has "paid ... out of her own personal funds... ."
After finding that claimant had sustained a compensable injury, the deputy expressly found that claimant had attained maximum medical improvement, with a residual permanent impairment. However, the deputy has not mandated any responsibility of the parties in this regard and has retained jurisdiction to determine "any additional permanent partial physical impairment, temporary total disability benefits, or any other benefits under the Act... ." These issues were properly presented and ripe for adjudication, and the deputy erred by retaining jurisdiction and failing to dispose of these issues. Dunn Lumber & Supply Co. v. Roy, 382 So.2d 51 (Fla. 1st DCA 1980). The deputy has also failed to include a decretal clause in his order, and has not otherwise settled the rights or responsibilities of the parties other than to indicate that claimant should be reimbursed for medical payments made from her personal funds, and that employer/carrier's advance payments are to "be on compensation." Insofar as the order does not adequately adjudicate the rights and responsibilities of the parties, it is deficient and must be remanded. Central Oil Co. v. Campen, 390 So.2d 191 (Fla. 1st DCA 1980).
While we find that employer/carrier has shown error requiring reversal in part and remand of the order appealed, we note that such error might more readily have been corrected by application to the deputy before the order was appealed. See generally, Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
Accordingly, the order, as amended, is affirmed in part, reversed as to the deputy's retention of jurisdiction as to additional benefits, and remanded for further proceedings.
ERVIN and JOANOS, JJ., concur.