424 So.2d 138 (1982)
ESTECH GENERAL CHEMICALS CORPORATION and Fred S. James & Company of Florida, Inc., Appellants,
v.
Bobby W. GRAHAM, Appellee.
No. AL-262.
District Court of Appeal of Florida, First District.
December 28, 1982.
*139 John K. Vreeland, of Lane, Trohn, Bertrand & Williams, Lakeland, for appellants.
Richard R. Roach, Jr., of Woods, Murray & Roach, Lakeland, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order which does not dispose of all matured issues which were in controversy and submitted for the deputy's adjudication. While such an order is patently interlocutory and not reviewable by appeal, see Crown Hotel v. Friedman, 420 So.2d 418 (Fla. 1st DCA 1982), we grant review under our certiorari jurisdiction pursuant to Fla.R.App.P. 9.030(b)(2)(A).
A deputy commissioner must adjudicate all issues which are presented and ripe for disposition. See Washington Square v. Bourne, 408 So.2d 809 (Fla. 1st DCA 1982). In the present case issues relating to the attainment of maximum medical improvement, and entitlement to permanent wage-loss benefits, were raised in the claim for compensation and the pre-trial stipulation. During the course of the hearing the deputy indicated his intention to reserve jurisdiction in this regard. Although the deputy subsequently stated that he would rule on the wage-loss issue, the order in this case contains no express finding as to either the attainment of maximum medical improvement or entitlement to permanent wage-loss benefits. Counsel for employer/carrier thereafter requested an amended order expressly addressing these issues, but the record on appeal suggests that the deputy never responded to this request. In these circumstances failure to rule on such issues as were matured and presented for adjudication is a departure from the essential requirements of law.
The cause is accordingly remanded with directions that the deputy enter an order addressing the issue of whether claimant has attained maximum medical improvement and whether permanent wage-loss benefits are due. Such remand is without prejudice to the parties' ability to obtain review of other issues which are now inappropriately presented for our consideration; such review may be sought by appeal of a final order disposing of all matured issues.
McCORD and BOOTH, JJ., concur.