427 So.2d 1034 (1983)
LASHER MILLING COMPANY and Florida Farm Bureau, Appellants,
v.
Ken BROWN, Appellee.
No. AM-209.
District Court of Appeal of Florida, First District.
February 22, 1983.
Rehearing Denied March 29, 1983.
Lamar D. Oxford, of Dean, Ringers, Morgan & Lawton, Orlando, for appellants.
George J. Adler, Orlando, for appellee.
WENTWORTH, Judge.
The employer/carrier (E/C) appeal the order awarding claimant temporary total disability (TTD) benefits. We affirm the order with minor amendment to designate the benefits as total wage loss for temporary partial disability. See Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982).
Claimant was employed by appellant when he injured his back lifting a 100 pound bag of cattle feed. His job at that time was mixing the cattle feed, bagging it, sewing the bags, and then stacking the 100 pound bags. Claimant is a white, 27 year old male with a tenth grade education, from Okahumpka, Florida. His treating physician released claimant for light duty work in July of 1981, and claimant found a job at a farm store where he worked for 30 days. That job did not require heavy lifting and claimant was physically able to perform the duties required of him. However, he was fired at the end of the thirty day trial period purportedly for reasons unrelated to his physical incapacity and not due to any misconduct on his part other than alleged failure to follow company policy with respect to an office procedure in his new duties. From the date his employment was terminated, August 20, 1981, through December 23, 1981, claimant sought work by applying at several places in the Leesburg area, visiting the Florida State Employment Office, and reading the classified section in the newspaper. He was not successful in finding employment.
The deputy commissioner found that claimant was TTD from August 20, 1981, through December 23, 1981, based on his physical impairment as testified to by his treating orthopedist, and his unsuccessful, good faith work search.
The E/C argue that the award of TTD was error because, they contend, his thirty-day period of employment conclusively shows that claimant was not totally disabled. In making this argument, the E/C rely in part on a theory recently rejected by this court in Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982); i.e., that the claimant must prove that the failure of the work search was not a result of unavailability of work in the area due to economic conditions.
This case differs from Regency Inn in that the claimant here was able to secure temporary employment within his capabilities. However, the rationale of Regency Inn is not dissipated by this fact, or by the circumstance that the latter employment ended for reasons not directly related to his *1035 injury. The claimant here, as in Regency Inn, lost his regular job because he was unable to perform his duties after the injury. That he has conscientiously looked for work within his capabilities is borne out by the fact that he did find, and accept, a job requiring only "light duty." His inability to retain that job, however, does not, as appellants urge, prove that "his unemployment thereafter was due solely to the fact that he was fired." We find no support for any conceivable contention that claimant's conduct amounted to voluntary limitation of his income. Instead, he presented sufficient evidence of his good faith in attempting to perform the temporary job, and that he sought suitable employment thereafter, which he was unable to find. Therefore, claimant sufficiently proved
a causal relationship between the injury and a change in employment status [as well as a] good faith attempt to secure employment commensurate with his abilities so as to establish, prima facie, an economic loss and ... that he ... has not voluntarily limited his ... income or failed to accept employment commensurate with his ... abilities.
Regency Inn at 876.
AFFIRMED as amended, supra.
SHIVERS and JOANOS, JJ., concur.