461 So.2d 169 (1984)
Jerry JOHNSTON, Appellant,
v.
SUPER FOOD SERVICES and Fireman's Fund Insurance Company, Appellees.
No. AX-342.
District Court of Appeal of Florida, First District.
December 10, 1984.
Rehearing Denied January 11, 1985.
*170 David M. Hammond, Orlando, for appellant.
Thomas A. Moore and C. Thomas Ferrara, Pitts, Eubanks, Hannah, Hilyard & Marsee, Orlando, for appellees.
SHIVERS, Judge.
Claimant appeals the deputy commissioner's order denying wage-loss benefits. We reverse and remand this cause to the deputy for determination of whether claimant's loss of wages was due to physical limitation related to his industrial accident.
Claimant suffered a crushing injury to his left hand while employed as a warehouse worker for appellee, Super Food Services. He returned to work for the same employer but experienced difficulty due to the clawlike posture of his hand. Surgery failed to restore full extension to claimant's hand which at maximum medical improvement evinces minimal clawing and residual weakness meriting an impairment rating of 4% of the body as a whole. Claimant was subsequently discharged by the employer, purportedly on the grounds of excessive absenteeism and tardiness. The discharge was upheld by the claimant's union.
After his discharge, the claimant conducted an unsuccessful work search and entered a vocational training course provided by the Veterans Administration.
At the hearing held on claimant's claim for wage-loss benefits[1] from the time of his discharge, the employer/carrier took the position that the wage loss was not attributable to the injury but to his discharge for good cause. The deputy concurred with this position, finding that the wage loss, if any, was not causally related to the injury and that the claimant had demonstrated a post-injury earning capacity equal to or greater than prior to injury. Wage-loss benefits were denied accordingly.
The award of wage-loss benefits is not precluded simply because the wage loss, occurring after a period of successful post-injury employment, is attributable in some part to a non-injury-related factor such as economic conditions, seasonal layoff or discharge for a just cause such as excessive absenteeism. Plymouth Citrus Products v. Woodard, 450 So.2d 317 (Fla. 1st DCA 1984); Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984); Lasher Milling Co. v. Brown, 427 So.2d 1034 (Fla. 1st DCA 1983). This court set forth the governing rule in Williams Roofing:
Whether a claimant has shown a causal relationship between the injury and a change in employment status is a factual question to be determined by the deputy commissioner from competent substantial evidence. The presence or absence of any particular fact, such as a layoff due to economic conditions, should not be legally determinative of the deputy commissioner's finding. Rather, the deputy commissioner must look to the totality of the circumstances to determine whether a claimant has shown a causal relationship between the injury and the wage loss.
(e.s.) 447 So.2d at 972-73.
The order appealed does not clearly indicate whether the claimant's work search evidence was considered on the issue of a causal connection between injury and wage *171 loss or whether the deputy proceeded under the impression that the fact of discharge for a cause unrelated to the injury established the absence of any causal relationship as a matter of law. We note, however, that the deputy's ruling preceded and was reached without benefit of our decision in Williams Roofing. Consequently, we remand the cause for consideration of claimant's work search evidence in order to determine whether claimant has established the requisite causal connection between his unemployment and the industrial injury. See Carruth v. Allied Products Co., 452 So.2d 634 (Fla. 1st DCA 1984).
WENTWORTH, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, J., dissenting.
As the deputy commissioner found, this claimant was able to return to work for the same employer in his pre-accident position at the same or greater wage. Although he was able to perform the work, he was eventually terminated because of excessive tardiness and absenteeism. It is clear from the record in this case that the termination of the claimant was not a subterfuge on the part of the employer but was precipitated by the claimant's repeated conduct which had nothing to do with his injury. Moreover, I am of the view that the claimant's work search evidence was not such as would satisfy his burden of proving that the claimed loss of wages was caused by the injury. I would therefore affirm the denial of wage loss benefits.
NOTES
[1] Claimant also filed a claim for rehabilitation benefits which was denied as premature by the order appealed. The propriety of that denial has not been raised by the claimant on appeal and is, therefore, not before this court.