461 So.2d 247 (1984)
LYKES BROTHERS, INC., & Hartford Insurance Group, Appellants,
v.
Evelyn D. Jackson, Appellee.
No. AZ-6.
District Court of Appeal of Florida, First District.
December 21, 1984.
*248 Susan W. Fox and Richard Crooke, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Irvin A. Meyers and Sherry L. Davis, of Meyers & Mooney, Orlando, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order and assert that the deputy erred in awarding benefits upon a determination that claimant's wage loss is related to her industrial injury. We find that the deputy did not err in this regard, and we therefore affirm the order appealed.
While employed as an assembly line worker in a meat plant claimant sustained an industrial injury which necessitated a cervical decompression lamenectomy. Although she continued to experience pain and muscle spasms claimant was eventually released for work, with permanent impairment and restrictions on certain activity after maximum medical improvement. Her physician was of the opinion that claimant would be unable to return to her former employment. Claimant nevertheless briefly attempted to resume such employment, but found it to be beyond her physical capabilities. She then obtained work as an electronics trainee, which was subsequently terminated after her new employer repeatedly made unreasonable personal demands. In addition, the work environment and physical requirements of the job exceeded claimant's expectations and capabilities.
Claimant thereafter accepted a job offer from a cleaning service, but prior to commencing such employment was advised that her fiance had experienced a lifethreatening accident in North Carolina. She immediately left the state to care for him. He was rendered quadriplegic. They were married and continued to reside in North Carolina, where she has been able to obtain only part-time employment despite an extensive work search. Testifying that such residence is only temporary, claimant suggested that as soon as her husband is able to travel they will return to Florida, where she intends to pursue employment with the cleaning service which had offered her a job.
Claimant's industrial injury resulted in her displacement from and incapacity for her former employment. While there was no direct evidence as to why she was not hired in North Carolina, City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), indicates that:
The cause of incapacity to earn may ... be shown by direct or circumstantial evidence... . An unavailing work search, sufficiently extensive and intensive, by a permanently impaired worker such as the *249 claimant in this case, may meet the statutory requirements for prima facie proof of connection with permanent physical limitation. [fn. omitted]
Claimant's brief term of employment as an electronics trainee does not in itself reestablish an earning capacity, and the record reflects no rebuttal of the prima facie sufficiency of work search evidence offered by her. See Lasher Milling Co. v. Brown, 427 So.2d 1034 (Fla. 1st DCA 1983); see also Johnston v. Super Food Services, 461 So.2d 169 (Fla. 1st DCA 1984). Although claimant had obtained and accepted another job offer within Florida, her sudden departure from the state was not motivated by any desire to avoid work and does not, in the circumstances, show lack of due diligence or voluntary limitation of income precluding the award of wage loss benefits. Cf., Genelus v. Boran, Craig, Schreck Construction Co., 438 So.2d 964 (Fla. 1st DCA 1983). The deputy was thus entitled to find that claimant's wage loss is causally related to her industrial injury and not based solely on factors other than physical limitation.
The order appealed is affirmed.
MILLS and SHIVERS, JJ., concur.