513 So.2d 153 (1987)
SPARTAN ELECTRONICS and CNA INSURANCE COMPANY, Appellants,
v.
Wanda RUSSELL, Appellee.
No. BP-150.
District Court of Appeal of Florida, First District.
August 12, 1987.
*154 Rex A. Hurley, of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
Frederic M. Schott, of Meyers and Mooney, Orlando, for appellee.
WENTWORTH, Judge.
Appellants, the employer/carrier, seek review of a workers' compensation order by which they were ordered to pay wage loss benefits, penalties and interest. Appellants raise several issues on appeal. Appellee concedes that appellants timely filed notices to controvert and that no penalties should be assessed under section 440.20(7) for late compensation payments. We therefore reverse that part of the order. We affirm the order in all other respects, finding 1) that the award of wage loss benefits was proper because the record supports a determination against voluntary limitation of income; 2) that, although the deputy commissioner referenced the wrong statutory authority in calculating the average weekly wage, that error was harmless as the amount calculated was correct; and 3) that the evidence does not compel a conclusion contrary to the finding that appellee's last wage rate was $2.00 per hour.
Appellee on October 2, 1982 suffered a ruptured disc in a compensable accident. Appellants provided care and some compensation benefits until appellee obtained employment in July 1985 as a bookkeeper in Mobile, Alabama, where she earned $160 per week. In October 1985 appellee moved from Mobile to Deland, Florida, to attend to her ill father. She searched unsuccessfully for work in Deland from January to June 1986, returned to Mobile and found employment as a convenience store clerk *155 for a subsidiary of her former employer there. She agreed to repay a loan from that past employer by working 25 hours per week at the convenience store for a wage of $2.00 per hour.
Appellee filed a claim for wage loss benefits from January 1, 1986. Appellants controverted on grounds that appellee's reduced wages were not the result of her accident and that she had conducted an inadequate job search and voluntarily limited her income. The deputy commissioner ordered wage loss benefits plus penalties and interest, but allowed appellants a $50 per week credit for the weeks when appellee turned over wages to her employer in repayment of her debt.
As to appellant's first issue on appeal, the record supports the deputy commissioner's finding that appellee made a good faith attempt to find work during the period in question and that her relocation from Mobile to Deland was not a voluntary limitation of income with respect to the present claim. A term of employment alone does not establish continuing ability to earn. Lykes Bros., Inc. v. Jackson, 461 So.2d 247 (Fla. 1st DCA 1984).
Because employer's plant was either closed or appellee was laid off during two of the 13 weeks prior to her accident, the order incorrectly states in computing her average weekly wage that she worked substantially the whole of the 13 weeks prior to her accident, citing section 440.14(1)(a), Florida Statutes. However, the deputy commissioner properly calculated the average weekly wage pursuant to section 440.14(1)(d) by relying upon appellee's full time weekly wages for the 11 weeks prior to her injury. Although section 440.14(1)(b) provides that where an injured employee has not worked substantially the whole of the 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially all of such 13 weeks shall be used, no evidence of a similar employee's wages was submitted.
As to appellant's third issue, the rate at which appellee was paid for her last employment is a factual determination properly made by the deputy commissioner. The record supports the apparent determination of good faith in appellee's repayment of her employer by working to diminish her debt at a rate of $2.00 per hour, which amount was credited in the wage loss calculation.
The record shows that appellants filed notices to controvert appellee's claim within the 21 day period allowed under section 440.20(6). Appellee concedes that the deputy commissioner's assessment of a penalty pursuant to section 440.20(7) was in error. We accordingly reverse in that respect. Because benefits are otherwise unaffected by our disposition of the appeal, we find no error in the award of interest and costs to appellee, or the reservation of jurisdiction to determine entitlement to attorney's fees.
The order is affirmed in part and reversed in part, and the cause remanded.
MILLS and BARFIELD, JJ., concur.