519 So.2d 34 (1987)
Ladislao LAMAZARES, Appellant,
v.
RINKER SOUTHEASTERN MATERIALS CORP., and Liberty Mutual Insurance Company, Appellees.
No. BR-332.
District Court of Appeal of Florida, First District.
December 21, 1987.
Guy A. Gladson, Jr. of Gladson and Sullivan, South Miami, for appellant.
Rosalind R. Kalinsky and H. George Kagan of Miller, Hodges, Kagan & Chait, Deerfield Beach, for appellees.
PER CURIAM.
The deputy commissioner denied wage loss benefits for the period commencing with the claimant's termination of his employment at Rinker Southeastern Materials on May 29, 1985, and ending March 31, 1986. The deputy found that Rinker fired the claimant because the claimant declined to accept a work assignment (driving a truck) which was apparently within his work restrictions and because the claimant falsely reported to his employer that he had aggravated his hand injury while driving *35 a Rinker truck.[1]
It is apparent from the appealed order that the deputy denied wage loss for the entire ten-month period based solely on the above conduct of the claimant. As stated in Johnston v. Super Food Services, 461 So.2d 169, 170 (Fla. 1st DCA 1984):
The award of wage-loss benefits is not precluded simply because the wage loss, occurring after a period of successful post-injury employment, is attributable in some part to a non-injury-related factor such as economic conditions, seasonal lay-off or discharge for just cause such as excessive absenteeism. (citations omitted)
Instead, the deputy is required to consider all relevant circumstances in determining whether the claimant has shown a causal relationship between the injury and the wage loss. Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984).
The deputy failed to consider other relevant evidence on the issue of causal connection, including the work search evidence. We therefore reverse and remand for consideration of such evidence in determining whether claimant has established the requisite causal connection between the claimed loss of wages during the ten-month period and the compensable injury. See Johnston v. Super Food Services, supra.
REVERSED AND REMANDED.
WENTWORTH and ZEHMER, JJ., concur.
NIMMONS, J., dissents without written opinion.
NOTES
[1] As found by the deputy, another employee was driving the truck and was teaching the claimant how to operate the vehicle. The claimant attempted to persuade the other employee to lie by corroborating claimant's story that he aggravated his hand injury while driving the truck.