ZEHMER, Judge.
The claimant, Domenic Albanese, obtained a workers’ compensation order increasing his average weekly wage pursuant to section 440.14(l)(d), Florida Statutes (1987). The employer and carrier appeal, urging that the deputy commissioner erred in calculating the claimant’s average weekly wage on the basis of an oral contract for full-time employment of the claimant by the employer. They argue that this ruling is not supported by competent, substantial evidence that the employer and the employee had made an agreement for claimant’s “new” employment, as distinguished from a continuation of the terms of claimant’s prior employment with this employer before he was laid off. We note that claimant testified to the terms of the “new” employment agreement, and that the employer, who was represented at the hearing, did not present any testimony or otherwise refute the claimant’s testimony in this regard.
The employer and carrier’s failure to present the testimony of a person within its control having knowledge of a fact at issue, i.e., whether claimant’s employment was pursuant to the continuation of the prior agreement or pursuant to a new contract of employment, justifies an inference adverse to those parties. Jones v. Citrus Central, Inc., 537 So.2d 1123 (Fla. 1st DCA 1989); Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 212, 215 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (Fla.1987). See also, Southern Cross Steamship Co. v. Firipis, 285 F.2d 651, 659 (4th Cir 1960), cert. denied, 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961); 29 Am.Jur.2d, Evidence § 180 (1967). The record thus contains competent, substantial evidence to support the deputy commissioner’s finding that claimant’s employment was full time pursuant to a new oral agreement.
Spartan Electronics v. Russell, 513 So.2d 153 (Fla. 1st DCA 1987), said by appellants to be controlling, is patently distinguishable. In Spartan claimant did not work for two weeks of the thirteen-week period prior to her injury, either because the plant was closed or she was laid off from work, but there was no evidence or finding of a new contract of employment commencing after the two-week lay-off. Thus, the deputy commissioner in Spartan properly used the full-time weekly wages paid during the eleven weeks prior to claimant’s injury. In this case, competent, substantial evidence supports the finding that claimant received full-time weekly wages for only the two-week period immediately preceding his injury pursuant to his new contract of employment; therefore, the deputy commissioner properly used the two *95 weeks’ wages to compute the average weekly wage under section 440.14(l)(d).
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.