ZEHMER, Judge.
Laura Avellino (claimant) appeals a workers’ compensation order that awards her wage loss benefits but allows her employer, Pantry Pride Enterprises, Inc., and its carrier, Crawford & Company, to take an offset for deemed earnings at minimum wage. Claimant contends that the judge of compensation claims erred in finding that she voluntarily limited her income during the relevant period and applying the deemed earnings provision in section 440.-15(3)(b), Florida Statutes (1983).[1] We re *348 verse for lack of competent, substantial evidence to support essential findings of fact.
The application of section 440.-15(3)(b)2 involves shifting burdens of proof. Once the claimant meets the initial burden of establishing a prima facie showing of a causal connection between the compensable injury and the subsequent loss of income, the burden shifts to the employer and carrier to show that during the period in which wage loss benefits are claimed, the claimant refused work or voluntarily limited his income. Albertson’s, Inc. v. Natale, 555 So.2d 946 (Fla. 1st DCA 1990). The employer and carrier’s failure to carry this burden precludes application of the deemed earnings provision.
In this case, the judge awarded claimant wage loss benefits for the period from January 8,1989, through May 8,1989, indicating that claimant satisfied her initial burden of showing a causal connection between her compensable injury and her inability to work leading to the wage loss award, and that she had performed required job searches. But, the judge also allowed the carrier to take an offset for deemed earnings at the minimum wage rate for this same period based on findings that a rehabilitation counselor, Ms. Smith, had testified that numerous jobs were available to claimant; claimant had failed to follow up with most of the job leads; and while claimant was provided with every opportunity to become employed, her inability to secure employment had been due to her own lack of motivation and desire. While these findings are supported by Ms. Smith’s testimony, her testimony relates to an entirely different period of time than the 1989 period for which wage loss benefits were awarded.
The record indicates that Ms. Smith only worked on claimant’s case from May 1987 through February 9, 1988, — a period extending over one year prior to the period for which wage loss benefits were awarded. Ms. Smith offered no testimony as to job availability after February 1988 and claimant’s efforts or motivation after that period. Employer and carrier did not present any evidence showing that for the relevant time period (January 8, 1989, through May 8, 1989) claimant neglected to make required job searches and refused or rejected any available job within her restrictions. Claimant testified that after Ms. Smith stopped working with her, she continued to look for work on her own, but was unable to find any work within her medical restrictions. The failure of the employer and carrier to present competent, substantial evidence to support an inference that during the relevant wage loss period claimant continued to refuse any available job within her restrictions precludes the application of the deemed earnings provision. Thus, the judge erred in ordering an offset for deemed earnings at minimum wage for this 1989 period.
The appealed order is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MINER and WEBSTER, JJ., concur.

. Section 440.15(3)(b)2 provides in part:
... In the event the employee voluntarily limits his income or fails to accept employment commensurate with his abilities, the salary, wages, and other remuneration the employee is able to earn after the date of maximum medical improvement shall be deemed to be the amount which would have been earned if the employee did not limit his income or accepted appropriate employment. Whenever a wage-loss benefit as set forth in subpara-graph 1. may be payable, the burden shall be *348 on the employee to establish that any wage loss claimed is the result of the compensable injury. It shall also be the burden of the employee to show that his inability to obtain employment or to earn as much as he earned at the time of his industrial accident is due to physical limitation related to his accident and not because of economic conditions or the unavailability of employment.