ERVIN, Judge.
Claimant, William V. Gruber, Jr., appeals an order establishing his average weekly wage (AWW) as $327.85, contending that the judge of compensation claims (JCC) did not comply with Section 440.14(l)(a), Florida Statutes (1991), which requires a finding that the claimant worked substantially the whole of 13 weeks preceding the industrial injury. We agree and reverse, without reaching claimant’s second issue, the disposition of which we consider mooted by our decision as to the first point.
Gruber is an aluminum installer who was employed by Budd Severino Gutters & Siding in late August 1990. On March 25, 1991, Gruber injured his back on the job. The sole issue before the JCC was claimant’s AWW. Section 440.14(l)(a) provides:
If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks. As used in this paragraph, the term “substantially the whole of 13 weeks” shall be deemed to mean and refer to a constructive period of 13 weeks as a whole, which shall be defined as a consecutive period of 91 days, and the term “during substantially the whole of 13 weeks” shall be deemed to mean during not less than 90 percent of the total customary full-time hours of employment within such period considered as a whole.
(Emphasis added.) The 13-week period at issue in this case would have commenced around December 24, 1990.
The evidence showed that Severino Gutters was closed for the holidays between December 22, 1990, and January 1, 1991, and that there was a slowdown in work in early 1991 due to the Persian Gulf War. The Schedule of Weekly Earnings completed by Severino Gutters shows that claimant worked for the employer for five of the 13 weeks preceding his accident.
Gruber testified that he sat home almost all of January without work, but he did work and receive payment from his employer during weeks 3, 8, 10, 11, and 12 before the accident. In addition, Jerry Roush, an independent contractor working as senior installer for Severino Gutters, hired claimant to work for him for the six weeks preceding his injury, weeks 7 through 12, thus claimant was able to work between 55 and 60 hours per week in February and March.
In her final order, the JCC added the five weeks Gruber worked for the employer to the six weeks he worked for Roush, and concluded that this satisfied the thirteen-week requirement under section 440.-14(l)(a). This was error. The evidence discloses that although claimant worked for both Severino Gutters and Jerry Roush during the 13 weeks before his injury, the jobs overlapped considerably and did not stretch over a “consecutive period of 91 days.” Thus, there was no competent, substantial evidence to support the JCC’s conclusion that claimant worked substantially all of the requisite 13 weeks. See, e.g., Spartan Elecs. v. Russell, 513 So.2d 153 (Fla. 1st DCA 1987); Mendzee v. National Roofing Co., 417 So.2d 841 (Fla. 1st DCA 1982).
Because section 440.14(l)(a) is inapplicable to Gruber under the facts of this case, we remand for the JCC to determine Gru- *1355 ber’s AWW by using the most applicable of the alternative methods provided in section 440.14(l)(b) through (g).
REVERSED and REMANDED.
BOOTH and WEBSTER, JJ., concur.