PER CURIAM.
In this workers’ compensation case, the employer, City of Miami, appeals the order of the JCC establishing claimant’s average weekly wage (AWW) for the purpose of determining the City’s entitlement to a Barra-gan [1] offset, applying Barragan retroactively, and awarding statutory interest. We affirm in part, reverse in part and remand.
Claimant, Susan Rantanen, is a retired City of Miami police officer. Claimant suffered a compensable accident on February 2, 1975. Claimant received workers’ compensation benefits in the amount of $112.00 per week. Claimant’s disability retirement commenced on May 22, 1981. Claimant received a disability pension of $1,188.00 per month. Pursuant to a City ordinance, the City “offset” or deducted claimant’s workers’ comp benefits of $112.00 per week from her disability pension benefits from May 22, 1981, through August 1, 1989, leaving claimant with total monthly payments of $1,188.00 per month. The City stopped taking the offset on August 1, 1989.
At hearing, the parties could not agree on claimant’s average weekly wage. A thirteen-week wage statement, which included the cost of uniforms, was admitted into evidence. According to the wage statement, claimant’s average weekly wage was $305.23, which sum included $4.77 per week for uniform expenses. Claimant testified that she was receiving group health insurance benefits, and believed that the City was paying $100.00 per month for such coverage. Claimant also testified that as a detective, the City gave her a clothing allowance of $200.00 per month.
On cross-examination, claimant thought that $64.00 had been deducted from ea"ch paycheck for health insurance coverage, but then admitted that she really did not know how much the City contributed to such coverage. Because the issue of claimant’s AWW *6 was unsettled, another hearing was held on September 28, 1992. The City failed to produce the relevant records although admitting that they may be in the possession of a City agency. Victor Marero, the City’s worker’s compensation supervisor, said he could get the information in a couple of weeks. Yet another hearing was held on October 20, 1992. The City then asserted that the value of the claimant’s group insurance benefits was simply not ascertainable as the records going back to 1976 were not available. As a last ditch effort, claimant placed into evidence a document demonstrating that claimant’s total fringe benefits represented 46% of her base salary. Using the figure of 46% percent, claimant’s AWW would be $438.67.
The JCC issued an order rejecting the City’s argument that the Barragan offset was permissible prior to August 1, 1989. The JCC, therefore, awarded retroactive pension offset benefits, interest, penalties, and reserved jurisdiction to award attorney’s fees and costs. The JCC also determined claimant’s average weekly wage to be $405.23, including a $305.23 “base” wage and $100.00 in fringe benefits.
On appeal, the City raises four issues, arguing: (1) that the JCC erred in the determination of claimant’s average weekly wage; (2) that the City was entitled to a Barragan offset; (3) that the JCC erred in applying Barragan retroactively; (4) that the JCC erred in its award of prejudgment interest. With respect to the establishment of claimant’s average weekly wage, we note that such a determination was relevant only to a determination of the City’s entitlement to a Barragan offset. Under such a circumstance, it is the burden of the party seeking the offset, to prove every element related to the offset. See Avellino v. Pantry Pride Enterprises, 597 So.2d 347 (Fla. 1st DCA 1992) (after claimant makes prima facie showing of compensability and loss of income, burden shifts to e/c to establish propriety of offset under deemed earnings provision); Pan American Bank v. Glinski, 584 So.2d 52 (Fla. 1st DCA 1991) (given claimant’s entitlement to PTD benefits, e/c failed to carry its burden of establishing offset of social security benefits against workers’ compensation benefits otherwise due); Colonel’s Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982) (same). Therefore, it was the City’s burden to prove claimant’s average weekly wage. The City failed to come forward with evidence of the value of claimant’s group health insurance coverage, a necessary component in the determination of claimant’s average weekly wage. The City’s failure to produce such information more readily within its control justifies an inference adverse to the City’s position. See Tile Plus v. Albanese, 546 So.2d 93 (Fla. 1st DCA 1989). Thus, the JCC did not err in establishing a reasonable value for claimant’s fringe benefits and did not err in his determination of claimant’s average weekly wage.
The City next argues that the JCC erred in determining that the City was not entitled to a Barragan offset. Our resolution of the first issue resolves this question also. Barragan held that the employer may not offset workers’ compensation payments against an employee’s pension benefits except where the total of the two exceeds the employee’s average monthly wage. Barragan, 545 So.2d at 255. In the present ease, claimant’s average weekly wage of $405.23 results in an average monthly wage of $1,742.49 ($405.23 x 4.3). Since $1,742.49 is greater than the total of claimant’s monthly pension and worker’s compensation benefits (stipulated as $1,670.27), the JCC correctly determined that the City was not entitled to a Barragan offset.
As to the third issue, the Florida Supreme Court has recently determined that its prior decision in Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), was not to be applied retroactively. City of Miami v. Bell, 634 So.2d 163 (Fla.1994). Therefore, we reverse the JCC’s order insofar as it applies Barragan retroactively.
With respect to the JCC’s award of statutory interest, since the City need not reimburse claimant for the offsets taken prior to Barragan, it follows that no statutory interest is owed for that period. Therefore, the JCC’s award of statutory interest for the period prior to Barragan is also reversed.
*7 AFFIRMED in part, REVERSED in part and REMANDED for entry of an order consistent with this opinion.
MINER, MICKLE and DAVIS, JJ., concur.

. Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989).