693 So.2d 680 (1997)
Norma BETANCOURT, Appellant,
v.
SEARS ROEBUCK & CO. and Kemper Insurance Company, Appellees.
No. 95-3582.
District Court of Appeal of Florida, First District.
May 8, 1997.
*681 Jay M. Levy of Jay M. Levy, P.A., Miami, for Appellant.
Eduardo E. Neret of Akerman, Senterfitt & Eidson, P.A., Miami, for Appellees.

EN BANC
ERVIN, Judge.
This court, pursuant to Florida Rule of Appellate Procedure 9.331, directs that this case be determined en banc in order to maintain uniformity of this court's decisions. The issue giving rise to the need for en banc determination is whether this court has jurisdiction to consider an appeal from an order wherein the judge of compensation claims (JCC) failed to rule on a claim that was ripe for adjudication and properly before him. We hold that under the circumstances presented, this court has jurisdiction to consider the appeal. Nevertheless, because the case law relating to this issue has not been clearly expressed, we establish the following guidelines to be applied to situations wherein rulings have been omitted from workers' compensation orders.
The order on appeal arose from a claim for temporary partial disability (TPD) benefits from December 18, 1993, through November 11, 1994. Although the JCC found that there was no competent, substantial evidence (CSE) to support the TPD claim for the period from December 18, 1993, through March 15, 1994, he nonetheless found CSE to support an award for the succeeding period from March 16 through October 15, 1994. While the JCC indicated in the order that benefits for the period from October 16 through November 11, 1994, were at issue, he made no ruling on that claim.
Due to the absence of an adjudication on a matured claim for disability benefits during the period from October 16 to November 11, 1994, this court issued an order to show cause why the case should not be dismissed for lack of jurisdiction in light of the holding in Emro Marketing v. Schwier, 670 So.2d 1141 (Fla. 1st DCA 1996). We also referred to Florida Rule of Appellate Procedure 9.110(m), and we allowed the JCC, without further leave of this court, to enter another order within the 30-day period of remand.
Instead of seeking an amended order from the JCC, claimant filed a response asserting *682 that Emro Marketing is distinguishable, because the JCC in that case specifically reserved ruling on an issue that was ripe for adjudication, whereas, in the present case, the JCC made no ruling or reservation of jurisdiction. Claimant also points out that Emro Marketing followed a long line of cases holding that this court does not have jurisdiction to consider appeals from orders in which the JCC reserved jurisdiction on mature issues, and she cites Southern Wine & Spirits, Inc. v. Hernandez, 442 So.2d 1061 (Fla. 1st DCA 1983); Town of Palm Beach v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1982); and Sheffield Steel Products v. Tripp, 433 So.2d 46 (Fla. 1st DCA 1983), as supporting authority.
Claimant contends that the outcome of the jurisdictional question is instead controlled by such cases as Dunn Lumber & Supply Co. v. Roy, 382 So.2d 51 (Fla. 1st DCA 1980); Estech General Chemicals Corp. v. Graham, 424 So.2d 138 (Fla. 1st DCA 1982); Washington Square Associates, Ltd. v. Bourne, 408 So.2d 809 (Fla. 1st DCA 1982); and Thomas v. T & T Trucking, 382 So.2d 449 (Fla. 1st DCA 1980). These cases stand for the proposition that when a ripe claim is presented, and the JCC fails to rule on it, the proper resolution is to reverse and remand the case for entry of an appropriate order, because the JCC failed his or her duty to adjudicate a ripe claim. Since this court reached the merits of the disputes in the above cases, they demonstrate that this court has jurisdiction over an appeal from an order which omits a ruling on a claim that was mature for adjudication.
Claimant also identifies in her response a third line of cases which holds that the absence of a ruling constitutes a waiver of the issue or a sub silentio denial, depending upon whether the claimant presented evidence in support of the claim at trial. For example, in Green Thumb Corp. v. Britten, 393 So.2d 613 (Fla. 1st DCA 1981), the claimant made a claim for reimbursement of travel expenses associated with medical treatment, but presented no evidence on the claim at the hearing, and the JCC made no ruling thereon in the order. Thereafter, claimant renewed her claim for mileage reimbursement, which the JCC allowed. In reversing, this court held in Green Thumb that because claimant had neither withdrawn the prior claim, nor sought a continuation of the hearing or a reservation of jurisdiction, the doctrine of res judicata barred the subsequent claim for mileage.
Claimant additionally refers to Buckhalter v. University of Florida, 411 So.2d 1327 (Fla. 1st DCA 1982), for the same principle of law. There the JCC failed to address several issues in the order that were properly before him and ripe for adjudication. This court reversed and remanded the case with directions for the JCC to enter an order determining the undecided issues for which evidence was produced at the hearing. The absence of a ruling as to the issues for which no evidence was presented at trial was deemed a rejection of the claim.
Because it is unclear how these three lines of cases impact a situation such as that at bar, once the JCC fails to rule on a ripe issue that claimant properly presented for adjudication, we set forth the following guidelines. In cases wherein a JCC expressly reserves jurisdiction on a fully tried issue that is ripe for adjudication, such reservation renders the order nonfinal and nonappealable. See Emro Marketing v. Schwier; Southern Wine & Spirits v. Hernandez; Town of Palm Beach v. Watts; Sheffield Steel Prods, v. Tripp. Consequently, an appeal from such an order will be dismissed for lack of jurisdiction. To the extent that cases such as Washington Square Associates, Ltd. suggest that such orders are final and appealable, we recede therefrom.
In cases in which the JCC fails to enter a ruling on a fully tried issue that is ripe for adjudication and does not reserve jurisdiction on the issue, this court will consider the absence of a ruling to constitute a denial of the claim only for jurisdictional purposes, and the order will, therefore, be deemed final and appealable. As to the merits in such cases, this court will continue to consider the JCC's failure to rule reversible error based on the JCC's noncompliance with the duty to adjudicate all issues that are ripe for adjudication. See Dunn Lumber & Supply Co. v. Roy; Thomas v. T & T Trucking. See also Saddlebrook Resorts, Inc. v. Heath, *683 686 So.2d 667 (Fla. 1st DCA 1996). To the extent that cases such as Estech General Chemicals Corp. suggest that other treatment is appropriate, such as certiorari review, we recede therefrom.
Finally, in regard to cases involving claims that are ripe for adjudication at the time of the hearing, for which claimant failed to produce evidence or obtain a ruling, this court will consider the claim abandoned and the issue waived, and will consider the order final and appealable. Any subsequent claim for the same benefits will be barred by the principle of res judicata. See, e.g., Green Thumb Corp. v. Britten. To the extent that Buckhalter v. University of Florida suggests that such claims are deemed denied, we recede therefrom.
In setting out the above guidelines, we note that all of the referenced omissions could have been remedied by motion for rehearing, provided that the motion and the ruling thereon are obtained within the 30-day time limit for filing an appeal. See Washington Square Assocs., Ltd., 408 So.2d at 810 (noting that the JCC's erroneous retention of jurisdiction might have been readily corrected by application to the JCC before the order was appealed).
In reaching our decision, we recognize that motions for rehearing in workers' compensation cases do not toll the time to appeal, unlike those in other classes of cases. We are of the firm conviction that much of the uncertainty that attends orders which fail to address mature claims could be remedied by the adoption of an amended rehearing rule that would allow the filing of a timely motion to toll the time for appeal. We therefore commend to the Workers' Compensation Rules Committee of The Florida Bar the adoption of an amended rehearing rule for the purpose of achieving the above stated goal. Any such rule should, of course, contain time standards that meet the exigencies of workers' compensation cases and fulfill the purpose of getting needed benefits into the hands of injured employees without undue delay.
In the instant case, the claim for TPD benefits for the period from October 16 through November 11, 1994, was ripe for adjudication and fully tried below, yet the JCC failed to include a ruling thereon in the order entered. Applying the principles set forth above, this court considers the absence of a ruling to constitute a denial of the claim for TPD benefits for this period. The order is therefore final and appealable.
Having determined that this court has jurisdiction to review the order, we now turn to the merits of the appeal. The award of TPD benefits for the period from March 16 through October 15, 1994, has not been appealed, and we therefore make no ruling in regard to it. We do, however, reverse the order to the extent it denies TPD benefits for the period from December 18, 1993, through March 15, 1994, because we cannot determine from the record the basis for the denial of benefits for this period. We also reverse the sub silentio denial of TPD benefits for the period from October 16 through November 11, 1994, and remand for further findings.
In the order, the JCC denied TPD benefits for the period from December 18, 1993, through March 15, 1994, by stating only that there was no CSE to support the claim. The employer, Sears Roebuck & Co., and its insurance carrier, Kemper Insurance Co. (E/ C), contend that this ruling is supported by CSE, because claimant continued to work at her employment for two-and-a-half months following her compensable injury, and because she was fired for insubordination, a reason unrelated to her claim for disability benefits. See Nickolls v. University of Fla., 606 So.2d 410, 413 (Fla. 1st DCA 1992) (if claimant could physically resume former duties and there is no negative change in employment status due to the compensable accident, claimant is not entitled to benefits); Burger King v. Nicholas, 580 So.2d 656, 658 (Fla. 1st DCA 1991) (claimant who injured arm, but who was released to work without restrictions and then fired two weeks later for chronic tardiness, failed to show change in employment status was due to injury).
Claimant correctly points out, however, that benefits are not precluded simply because some part of the wage loss is attributable *684 to a reason unrelated to the injury, such as economic factors, seasonal layoff, or discharge for good cause. Williams Roofing, Inc. v. Moore, 447 So.2d 968, 972 (Fla. 1st DCA 1984); Johnston v. Super Food Servs., 461 So.2d 169, 170 (Fla. 1st DCA 1984). A claimant may still be entitled to benefits if the compensable injury left the claimant in a condition which precludes employment within his or her abilities at his or her prior wage. Sparks v. Aluma Shield Indus., 523 So.2d 680 (Fla. 1st DCA 1988).
The issue of whether the claimant has shown a causal relationship between his or her compensable injury and the wage loss claimed is one of fact to be determined by the JCC upon a consideration of the totality of the circumstances. Thompson v. City of Jacksonville, 654 So.2d 1178, 1180 (Fla. 1st DCA 1995); Lamazares v. Rinker Southeastern Materials Corp., 519 So.2d 34, 35 (Fla. 1st DCA 1987); Williams Roofing, Inc., 447 So.2d at 972.
Admittedly, the record shows that claimant was fired for insubordination. Nevertheless, the question remains whether claimant satisfied her burden of showing that her compensable injury contributed to her wage loss after her December 18 termination. Although the JCC concluded that no CSE supported the claim for such time, he also noted that Dr. Zimmerman placed a five-pound lifting restriction on claimant's left arm as a result of her compensable accident and that this restriction was never removed. The JCC also accepted claimant's testimony that her injury prevented her from fully performing her job duties with her employer, in that she could not lift heavy objects. Indeed, there is testimony in the record by one of claimant's co-workers, who performed the same job as claimant, that the position frequently required lifting computers weighing approximately 70 pounds. Absent from the JCC's order, moreover, is any reference to claimant's work search during the period in question, or her testimony that many sales jobs require lifting heavy objects. Finally, as stated, the JCC awarded TPD benefits for the subsequent period from March 16 through October 15, 1994, and no evidence was presented disclosing that claimant's condition worsened during such time.
These undisputed facts, when coupled with the facts found by the JCC, suggest that claimant may be entitled to TPD benefits from December 18, 1993, through March 15, 1994. Because the JCC has not explained his reasons supporting denial of benefits for the time in question in sufficient detail to enable this court to reach an informed decision, we reverse and remand with directions to the JCC to clarify and/or reconsider the evidence of causal connection as to the period after claimant's termination, i.e., from December 18, 1993, through March 15, 1994.
As to the TPD claim for the period from October 16 through November 11, 1994, we also reverse for lack of sufficient findings. Claimant presented evidence disclosing that her physical limitations arising from the compensable injury contributed to her wage loss and that she performed a good faith, but unsuccessful, work search during this period. Additionally, she submitted medical evidence showing that she was at maximum medical improvement only in regard to her back injury, but not as to her shoulder injury. Furthermore, Dr. Bettner opined that claimant should be off work from October 17, 1994, until an MRI was performed to evaluate further the shoulder injury. Although the record before us implies an absence of CSE to support a denial of benefits for this period, we recognize that the JCC has not yet made an express determination on the merits of this claim. Accordingly, we reverse on this issue and remand the case with directions to the JCC to enter a ruling on the TPD claim for the period from October 16 through November 11, 1994, on the existing record. See Dunn Lumber & Supply Co. v. Roy.
AFFIRMED in part, REVERSED in part and REMANDED.
BARFIELD, C.J., and KAHN, DAVIS and BENTON, JJ., concur.