PER CURIAM.
Leo Torres challenges the trial court’s order dismissing his Petition for a Rule Nisi to enforce an order of the Judge of Compensation Claims (“JCC”). The court dismissed *9 the petition due to lack of jurisdiction. We reverse and remand for further proceedings pursuant to section 440.24(1), Florida Statutes (1995).
Marvin Adams, d/b/a Marvin Adams Classic Cars, and Marvin Adams, individually (“Adams”), employed Torres to do mechanical work and assist in automobile restorations. On May 22,1995, Torres attempted to put a starter in a fork-lift located on top of cinder blocks. The fork-lift rolled off of the blocks, fell on Torres, and injured him. After a hearing on August 13, 1996, the JCC found that Torres suffered a compensable claim and ordered Adams to pay his medical bills of $84,436.45, and past disability compensation in the amount of $13,501.08, plus interest. The JCC also ordered Adams to provide further care to Torres and pay his attorney’s fees, but failed to determine his claim for transportation to and from medical providers.
On November 4,1996, Adams appealed the JCC’s order to the First District Court of Appeal. On January 3, 1997, the First District dismissed the appeal because Adams failed to post a bond. On January 16, 1997, Torres filed a petition for issuance of a rule nisi in the Fifteenth Judicial Circuit because Adams had not yet complied with the JCC’s order. On February 11,1997, the First District partially granted Adams’ motion for rehearing/clarification of the order and stated, “This appeal is hereby dismissed as the order sought to be reviewed is a non-final, non-appealable one. The prior award of attorney’s fees to appellee [Torres] is affirmed.” The court found the order non-final because it “did not dispose of the claim for authorization for transportation to and from medical providers. Further, the order does not appear to be a non-final order which is appeal-able pursuant to Florida Rule of Workers’ Compensation Procedure 4.160(a)(1).”[1]
On May 2, 1997, the trial court dismissed Torres’ petition for rule nisi based on Adams’ renewed objection that the court lacked jurisdiction. Torres appealed the trial court’s dismissal, pursuant to section 440.24(1), Florida Statutes. He argued that the language in the statute regarding finality is only for purposes of appellate review. Adams argued that the circuit court lacked jurisdiction because the JCC did not dispose of all of the issues and the claim was therefore non-final.
Torres contends that the circuit court had jurisdiction to hear his petition for rule nisi pursuant to section 440.24(1), Florida Statutes, which provides:
In case of default .by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show case cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims.
§ 440.24(1), Fla. Stat.
We adopt the reasoning and holding of Betancourt v. Sears Roebuck & Co., 693 So.2d 680 (Fla. 1st DCA 1997), as it pertains to a rule nisi proceeding. We recognize that the opinion in Betancourt had not been issued prior to the trial court’s order of *10 dismissal. In Betancourt, the First District set forth guidelines applicable to a JCC compensation order:
In cases wherein a JCC expressly reserves jurisdiction on a fully tried issue that is ripe for adjudication, such reservation renders the order non-final and nonap-pealable. Consequently, an appeal from such an order will be dismissed for lack of jurisdiction....
In cases in which the JCC fails to enter a ruling on a fully tried issue that is ripe for adjudication and' does not reserve jurisdiction on the issue, this court will consider the absence of a ruling to constitute a denial of the claim only for jurisdictional purposes, and the order will, therefore, be deemed final and appealable. As to the merits in such cases, this court will continue to consider the JCC’s failure to rule reversible error based on the JCC’s noncompliance with the duty to adjudicate all issues that are ripe for adjudication....
Finally, in regard to cases involving claims that are ripe for adjudication at the time of the hearing, for which claimant failed to produce evidence or obtain a ruling, this court will consider the claim abandoned and the issue waived, and will consider the order final and appealable. Any subsequent claim for the same benefits will be barred by the principal of res judicata.
In setting out the above guidelines, we note that all of the referenced omissions could have been remedied by motion for rehearing, provided that the motion and the ruling thereon are obtained within the 30-day time limit for filing an appeal.
Id. at 682-83 (citations omitted).
Here, Torres admits that even though the issue regarding authorization for transportation to and from medical providers was ripe for review, he failed to produce evidence or obtain a ruling on that portion of the claim. Based on Betancourt, we hold that the order was final and appealable, with the claim for transportation to and from medical providers abandoned and the issue waived. See id.; Cantor v. Davis, 489 So.2d 18 (Fla.1986).
Accordingly, we reverse and remand to the trial court for further proceedings pursuant to Betancourt and section 440.24(1), Florida Statutes.
REVERSED AND REMANDED.
GLICKSTEIN, DELL and POLEN, JJ. concur.

. Rule 4.160(a)(1), Fla. R. Workers’ Comp. P., is not included in the 1997 version of the rules. The trial court apparently used the 1996 version of the rules, which provides:
The district court shall review by appeal any final order of a judge and any non-final order of a judge that adjudicates ... compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that the claimant is entitled to receive causally related benefits in some amount, and provided further that the judge certifies in the order that determination of the exact nature and amount of benefits due to the claimant will require substantial expense and time.
Rule 4.160(a)(1)(C), Fla. R. Workers' Comp. P.