PER CURIAM.
After Cathy Liotta slipped and fell at work, she sought temporary partial disability benefits, temporary total disability benefits, permanent total disability benefits, and authorization for back surgery she claimed her fall necessitated. Following a hearing on the merits, the judge of compensation claims entered an order denying indemnity benefits and appointing an expert medical advisor in accordance with section 440.13(9)(c), Florida Statutes (1997), because of conflict in the medical evidence as to causation of Ms. Liot-ta’s back problems. See Palm Springs Gen. Hosp. v. Cabrera, 698 So.2d 1352 (Fla. 1st DCA 1997). Awaiting the expert medical advisor’s testimony on causation, the judge of *936 compensation claims has not yet, as far as the record reveals, “rule[d] on a ripe issue that claimant properly presented for adjudication.” Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 682 (Fla. 1st DCA 1997). By appointing an expert medical advisor, the judge of compensation claims implicitly reserved jurisdiction to rule later on the com-pensability of the back surgery. This “renders the order nonfinal and nonappealable.” Id. “[A]n appeal from such an order will be dismissed for lack of jurisdiction.” Id.
Dismissed.
BOOTH, BENTON and PADOVANO, JJ., concur.