ORDER OF DISMISSAL

PER CURIAM.
In this workers’ compensation case, Raul R. Vazquez appeals an order of the Judge of Compensation Claims denying his claims for the payment of medical benefits. We dismiss the appeal for lack of jurisdiction because the appealed order is neither a final order nor an appealable non-final order.
Vazquez sought temporary total and/or temporary partial disability workers’ compensation benefits from the date of his accident and authorization of a treating physician and payment of his bills. He also sought evaluation and treatment with an orthopedic specialist, penalties, interest, costs, and attorney’s fees. The employer/carrier agreed that the accident was compensable, but raised numerous defenses. The parties agreed to bifurcate the proceedings and a hearing was held only on the question of medical benefits. The Judge of Compensation Claims rendered an order which denied the claims for payment of treating physician’s bills and authorization of an orthopedist. The order expressly reserved jurisdiction to resolve the claims for indemnity benefits and attorney’s fees, costs, interest, and penalties.
Because the order did not resolve all pending issues and therefore did not appear to be a final order nor an appealable nonfinal order pursuant to Florida Rule of Appellate Procedure 9.180(b)(1), this court sua sponte directed appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. In response, appellant relies on Betancourt v. Sears Roebuck & Co., 693 So.2d 680 (Fla. 1st DCA 1997), a recent en banc decision of this court which set forth certain bench marks to be applied in determining whether a workers’ compensation order is final. The instant case, however, does not clearly fall within any of the three categories described in Betancourt. In that opinion, this court discussed (i) cases where jurisdiction is reserved on issues that are fully tried and ripe for adjudication, (ii) those where fully tried issues are not expressly disposed of but without reservation of jurisdiction, -and (iii) those involving claims ripe for adjudication but for which claim *69 ant failed to produce evidence or obtain a ruling. In the matter at bar, the claims for indemnity benefits were, apparently by mutual agreement, reserved for another day, although they were ripe for adjudication.
The posture of this case is, we conclude, most analogous to the first category identified in Betancourt, cases where jurisdiction is reserved on an issue ripe for adjudication which has been tried by the parties. Therefore, the order is not final nor is it appealable under any other provision of the rules. Accordingly, this appeal is dismissed for lack of jurisdiction.
DISMISSED.
BENTON, VAN NORTWICK and PADOVANO, JJ., concur.