ON APPELLANT’S RESPONSE TO ORDER TO SHOW CAUSE

PER CURIAM.
By unpublished order, we discharged an order to show cause concerning our jurisdiction to entertain this appeal. Our purpose in publishing this brief opinion is to discourage the practice that caused this jurisdictional uncertainty.
*292 The judge of compensations claims entered a merits order favorable to the claimant/appellee, but on the 29th day thereafter, he vacated that order “for (60) days pending rehearing per e/c motion.” Unsure of whether this order effectively vacated the prior order, the employer/carrier filed its notice of appeal on the following day, expressing an intent to seek review of the original merits order. Because that order had by that time been at least temporarily vacated, doubt arose concerning both the effect and the efficacy of the notice of appeal, and resolving that doubt required an entirely avoidable expenditure of time and resources by the court and the parties. For that reason, we take this opportunity to caution judges of compensation claims against the procedure of vacating a final order for only a stated period of time.
Unlike other classes of cases, a motion for rehearing in a workers’ compensation case does not toll the time for initiating an appeal. See Betancourt v. Sears Roebuck & Co., 693 So.2d 680 (Fla. 1st DCA 1997). Florida Rule of Workers’ Compensation Procedure 4.115(b)(2) therefore authorizes the JCC to vacate an order when “due consideration of a motion for rehearing may not be practicable before the order becomes final [pursuant to section 440.25, Florida Statutes].” However, the proper exercise of that authority requires that the order be vacated unconditionally and that a new order be entered once proceedings on rehearing are concluded, whereupon the time for instituting an appeal begins anew. Of course, if rehearing is denied the original order may simply be republished, and in such a case, the time for filing a notice of appeal runs from the date of mailing of the order that republishes the original. See Fla.R.App.P. 9.180(b)(2)
We assume that the JCC’s intent in this case was to place the burden on the employer/carrier to ensure that the motion for rehearing was promptly considered. While that is a laudable objective, there are simpler and less problematic means for achieving it. Orders that seem to be intended to resurrect previously entered and conditionally vacated orders without any further action by the JCC cannot be reconciled with the provisions of rule 9.180(b)(2) relating to the time limits for commencing an appeal in workers’ compensation proceedings.
BARFIELD, C.J., ALLEN and BROWNING, JJ., concur.