999 So.2d 1071 (2008)
Rezilien PAUL, Appellant,
v.
CITY OF DEERFIELD & Risk Management, Appellees.
No. 1D06-6271.
District Court of Appeal of Florida, First District.
November 6, 2008.
Rehearing Denied February 4, 2009.
*1072 Adrienne L. Hausser of Devarona & Arango, Miami, for Appellant.
Scott J. Brook of Scott J. Brook, P.A., Coral Springs, for Appellees.
PER CURIAM.
In this workers' compensation appeal, Claimant argues the Judge of Compensation Claims' (JCC) order should be reversed on several grounds. Specifically, Claimant argues the JCC erred by denying chiropractic care beyond 18 visits; refusing to admit the deposition of Claimant's independent medical examiner (IME); denying penalties and interest on unpaid impairment benefits; and failing to adjudicate issues fully tried and ripe for adjudication. Because we reverse on this final ground, the failure to adjudicate all ripe issues, the remaining issues must be reversed as well.
A JCC's failure to rule on "a fully tried issue that is ripe for adjudication" constitutes reversible error. See Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 682 (Fla. 1st DCA 1997).
Here, the JCC failed to rule on the claim for permanent total disability (PTD) benefits or, in the alternative, determine Claimant's permanent impairment rating. As grounds for failing to rule on PTD, the JCC found there was "no conclusive evidence" that Claimant was at maximum medical improvement (MMI). The JCC also found "there is no substantial, competent evidence with regard to a permanent impairment rating."
All of the physicians who testified concerning MMI opined Claimant had attained that status, and each specifically addressed Claimant's degree of permanent impairment. The JCC rejected the testimony of the authorized treating physician and declined to consider the testimony of IME physicians based solely on their IME status. When resolving MMI and permanent impairment disputes, the JCC may only consider the medical opinions of a "treating physician, a division medical advisor or an independent medical examiner." See § 440.1925(4), Fla. Stat.2000. The JCC abused her discretion by categorically rejecting the testimony of the IMEs based solely on their status.
The JCC's order is REVERSED and REMANDED for proceedings consistent with this opinion.
BROWNING, C.J., BARFIELD and THOMAS, JJ., concur.