PER CURIAM.
 

 In this workers’ compensation appeal, Claimant raises three issues challenging an order of the Judge of Compensation Claims (JCC) which denies the payment of temporary partial disability (TPD) benefits for periods preceding her attainment of maximum medical improvement, and denies a claim for additional impairment income benefits based on impairment ratings assigned by authorized treating physicians. We affirm the first two issues on appeal regarding the denial of TPD benefits and the JCC’s findings regarding the degree of permanent impairment suffered, because competent substantial evidence supports the JCC’s findings of fact, and Claimant, having been afforded (by the JCC) an opportunity to cure any perceived prejudice caused by the employer/carrier’s (E/ C’s) late introduction of evidence, failed to take advantage of the offer, inviting any error complained of on appeal.
 
 Sullivan v. State,
 
 303 So.2d 632, 635 (Fla.1974) (stating where the trial judge has extended counsel opportunity to cure error, and counsel fails to take advantage of opportunity, such error, if any, was invited and will not warrant reversal).
 

 We find merit however, in Claimant’s third issue regarding the JCC’s failure to
 
 *305
 
 rule on the correct rate of impairment income benefits payable for the permanent impairment sustained. Here, Claimant, in two instances (in her trial memo, and again in a motion for rehearing), requested the JCC render a ruling on the correct rate of impairment income benefits payable pursuant to section 440.15(3)(c), Florida Statutes (2007), based on the stipulated average weekly wage (AWW) of $491.34 (here, an issue regarding the correct AWW was litigated, and resolved on the record at hearing). Notwithstanding, the JCC failed to address this issue by way of substantive ruling, denial, or reservation, requiring Claimant to appeal the absence of a ruling.
 
 See Betancourt v. Sears Roebuck & Co.,
 
 693 So.2d 680, 682 (Fla. 1st DCA 1997) (en banc) (stating in cases where JCC fails to rule on issue ripe for adjudication, and does not reserve jurisdiction on issue, appellate court will consider absence of ruling a denial for jurisdictional purposes, and failure to rule reversible error based on JCC’s noncompliance with duty to adjudicate all ripe issues).
 

 The E/C’s argument that Claimant, although filing, litigating, and prevailing upon a claim for an upward adjustment in her average weekly wage, and requesting the payment of additional impairment income benefits (and providing express calculations therefor), did not make it clear she wanted to be paid impairment income benefits at the
 
 correct
 
 weekly rate, does little to advance its cause. Under the Workers’ Compensation Law, the E/C carries the affirmative obligation of providing benefits due under the statute (subject to legitimate defenses),
 
 [1]
 
 and here, it makes no argument whatsoever as to the appropriateness of the $117.95 weekly-rate it utilized for payment of impairment income benefits, an amount which bears no meaningful relationship to the agreed upon average weekly wage, and appears deficient under any reading of section 440.15(3)(c), Florida Statutes (2007). Because the JCC failed to rule on a ripe, substantive issue, twice brought to her attention during the course of the trial proceedings, this court is constrained from ruling on the appropriateness of the impairment income benefits thus far paid to Claimant. We have no reservation, however, in concluding the JCC or the E/C should have addressed, in some fashion, the Claimant’s stated concerns as to the appropriate rate, to oblige the intent of the Legislature that the Workers’ Compensation Law be interpreted so as to assure the quick and efficient delivery of benefits, in an efficient and self-executing system which is not an economic or administrative burden
 
 (see
 
 section 440.015, Florida Statutes (2007)), and to avoid the otherwise unnecessary aspects of this appeal.
 

 The JCC’s procedural denial of Claimant’s claim for additional impairment income benefits based on an increase in her AWW is REVERSED and REMANDED for proceedings consistent with this opinion. The denial of TPD benefits, and the claim for an increased permanent impairment rating is AFFIRMED.
 

 HAWKES, C.J., BENTON and LEWIS, JJ., concur.
 

 [1]
 

 . "Unless it denies compensability or entitlement to benefits, the carrier shall pay compensation directly to the employee as required by §§ 440.14, 440.15, and 440.16, in accordance with the obligations set forth in such sections." § 440.21(a), Fla. Stat. (2007).