McCORD, Judge.
Appellants, employer/carrier, appeal from the deputy commissioner’s order awarding temporary disability benefits to appellee. We reverse.
In August 1979, appellee injured the tip of her right index finger in a work-related accident. Her treating physician was of the opinion that by January 2, 1980, appellee had reached maximum medical improvement and that she could return to work at least on a trial basis with no medical restrictions. In February 1980, the treating physician assigned a 15% permanent partial impairment to the finger. Upon being released by the treating physician in January 1980, appellee, who was at that time two months pregnant, began a job search. She testified that several of her potential employers became uninterested in employing her when they learned that she was pregnant and that she had had a workers’ compensation claim. Other potential employers had no job openings. She testified that she felt she was able to perform the various jobs. After failing to find a job elsewhere, appellee moved to her parents’ farm where, during January and February, she took care of the livestock, cut grass, and performed general maintenance in exchange for a reduction in rent. Her father’s testimony indicated that she was still helping with the farm work at the time of the hearing.
After the hearing, the DC found appellant entitled to temporary partial disability benefits for January and February and to temporary total disability benefits from March 1,1980, until June 8,1980. He made no ruling on the date of maximum medical improvement.
The only medical evidence in the record (the testimony of the treating physician) indicates that appellee had reached maximum medical improvement and was able to return to work by January 2, 1980. Even appellee’s own testimony shows that she could have worked after January 2, 1980, if she could have found a job. She testified that she felt she could perform just about any job within her experience, and she actually did do farm labor for her parents. The evidence does not show that her inability to obtain a job was due to her injury. Thus, an award of temporary total or temporary partial disability after January 2, 1980, was error. Compare Lehigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981).
REVERSED.
ROBERT P. SMITH, Jr., C. J., and MILLS, J., concur.