LARRY G. SMITH, Judge.
The employer/carrier present several issues for review, only two of which merit discussion and require reversal. First, we agree that the deputy erred in awarding temporary total disability benefits to claimant for a period of time in which claimant was disabled due to a condition unrelated to the industrial accident. Second, we agree the deputy erred in his award of temporary partial disability benefits after April 21, 1979, because the claimant did not adequately test his employability and therefore failed to establish a loss of wage earning capacity.
Claimant, who is 67 years old, sustained an industrial accident when he fell from the back of a delivery truck on January 18, 1978. Dr. Storey, his family physician, diagnosed an acute lumbar strain and treated claimant conservatively. Claimant continued to work throughout 1978, but then terminated his employment early in 1979 complaining of difficulties with his back. Shortly thereafter, he was hospitalized for unrelated gallbladder surgery. Then in April, 1979, claimant obtained a part-time job as a security guard working, two days a week. He declined full-time employment because he did not feél up to it. Because claimant’s back pain continued, Dr. Storey referred claimant to another physician who eventually diagnosed a herniated nucleus pulposus. At the time of the hearing in June, 1981, claimant was still undergoing conservative treatment for his back. The deputy awarded claimant temporary total disability benefits from December 31, 1978 to April 20, 1979 at which time temporary partial disability benefits in the amount of $84.00 a week were ordered to be commenced, continuing until claimant was no longer temporarily partially disabled.
With respect to the period for which temporary total disability benefits were awarded, there is absolutely no medical evidence that claimant was unable to work due to his industrial accident nor was there evidence that claimant made a conscientious effort to return to work and was unable to. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). Instead, the evidence shows claimant was unable to work during this period because of unrelated gallbladder surgery. Under such circumstances the award of temporary benefits was error. Walker Imperial, Inc. v. Stidhim, 407 So.2d 1029 (Fla. 1st DCA 1981); Fisher v. Carroll Daniel Fisher Construction Company, 212 So.2d 289 (Fla.1969); Riverside Baptist Church v. O’Hara, IRC Order 2-2727 (1975); Reedy Creek Improvement District Fire Department v. LaCorte, IRC Order 2-3696 (1979); Harris Semiconductor v. Ellis, IRC Order 2-2936 (1976).
Next, we consider the employer/carrier’s contention that the deputy, in making the award of temporary partial disability benefits, failed to make a determination of claimant’s post-injury wage earning capacity in accordance with Section 440.15(4), Florida Statutes (Supp.1978)[1] and instead automatically applied the 60% differential provided for in the statute to the difference between the claimant’s pre-injury wges.[2] *713 Specifically, the employer/carrier complain that the deputy simply accepted the wages earned by claimant in his part-time capacity as the equivalent of claimant’s post-injury wage earning capacity without consideration of the other requisite factors. Walker v. Electronic Products and Engineering Company, 248 So.2d 161 (Fla.1971). Among those factors which the deputy must consider before making a determination concerning claimant’s post-injury wage earning capacity, is the adequacy of claimant’s work search. The record is devoid of evidence establishing that claimant sufficiently tested his employability after April 21, 1979, thus we are required to reverse the deputy’s award of temporary partial disability benefits based on loss of wage earning capacity.
The record contains no medical evidence indicating claimant cannot work more than two days a week. Indeed, the evidence shows claimant was offered more work but turned it down because of complaints that his back bothered him. However, this court has repeatedly refused to sustain awards of benefits which are based only on subjective but medically unverified claims of inability to work. Holiday Care Center v. Seriven, 418 So.2d 322 (Fla. 1st DCA 1982); Jandy, Inc. v. Mosley, 413 So.2d 837 (Fla. 1st DCA 1982) and cases cited therein; Jamar Sportswear v. Miller, 413 So. Newspapers, Inc. v. Rosten, 404 So.2d 174 (Fla. 1st DCA 1981). Cf. Square G. Construction Company v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982).
Accordingly, the deputy’s order awarding temporary benefits is REVERSED.
JOANOS and THOMPSON, JJ., concur.

. This statute provides for the determination of temporary partial disability benefits as follows:
In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be 60 percent of the difference between the injured employee’s average weekly wages before the injury and his wage-earning capacity after the injury in the same or other employment, to be paid during the continuance of such disability, but shall not be paid for a period exceeding 5 years.

. The deputy’s order is susceptible to the interpretation that the deputy felt claimant’s post-injury wages equaled his post-injury wage earning capacity. In the future, we should not be left to guess concerning the deputy’s determination of the claimant’s wage earning capacity after injury. It is the deputy’s responsibility to enter an order specifying the claimant’s av *713 erage weekly wage before the injury, his wage earning capacity after the injury and the temporary partial disability benefits due in accord-anee with those findings and the statutory formula. B. F. Diamond Construction Company v. Harrell, 400 So.2d 20 (Fla. 1st DCA 1981).