580 So.2d 656 (1991)
BURGER KING and Cigna, Appellants,
v.
Deborah NICHOLAS, Appellee.
No. 90-02255.
District Court of Appeal of Florida, First District.
May 30, 1991.
*657 Bruce R. Kaster of Cone, Green & Kaster, P.A., Ocala, for appellants.
Dorothy Clay Sims of Sims & DiLorenzo, P.A., Ocala, and Jonathan D. Ohlman of Pattillo & McKeever, P.A., Ocala, for appellee.
PER CURIAM.
This cause is before us on appeal of an order awarding unspecified compensation benefits. For the following reasons, we reverse.
In November 1987, claimant was injured in a work-related accident when she was struck on the arm by a piece of steel. Claimant was treated at an outpatient medical center, and released to work the same day with no limitations. Claimant continued working but was terminated two weeks later for reasons unrelated to her injury.[1]
On January 11, 1988, claimant's authorized physician, Dr. Thompson, diagnosed slight tenderness in the biceps region but good range of motion in the wrist, elbow, and shoulder of the injured arm. Dr. Thompson released claimant to work on this date. On February 15, 1988, Dr. Thompson rediagnosed claimant and found tenosynovitis but noted that claimant had full range of motion with her arm.
On February 29, 1988, claimant obtained employment with Hardee's but subsequently resigned because of her pregnancy. After the birth of her child, claimant began working for Quik Trip. One month later, claimant terminated this employment and began working for Kwik King. Claimant remained employed until April 1989, when she resigned because her husband found higher-paying employment.
Thereafter, claimant filed a claim for temporary total disability (TTD), temporary partial disability (TPD), and wage-loss benefits for the period December 12, 1987 through March 31, 1988, and April 1, 1989 through July 3, 1989. The judge of compensation claims (JCC) found that claimant had been fired by Burger King, had not been advised of her right to receive wageloss benefits, and that claimant performed a good-faith work search. The JCC awarded claimant benefits for the disputed periods but did not specify what classification of benefits were awarded. However, appellee concedes that the JCC awarded TPD benefits. We find that CSE does not support an award of TPD benefits.
In order to receive TPD benefits, claimant must establish a change in employment status due to a compensable injury and a good-faith work search. Edwards v. Caulfield, 560 So.2d 364 (Fla. 1st DCA 1990). In the instant case, claimant's responsibility to perform a work search is excused because of the employer and carrier's failure to inform her of this requirement. Coq v. Fuchs Baking Co., 507 So.2d 138 (Fla. 1st DCA 1987). However, claimant has failed to prove a change in employment status as a result of the injury.
*658 The test for whether physical limitations subsequent to an accident are a contributing causal factor is whether claimant's capabilities allow her to return to and perform adequately her prior job with the employer. Ringling Bros. v. O'Blocki, 496 So.2d 947 (Fla. 1st DCA 1986), citing Superior Pontiac v. Hearn, 458 So.2d 1197 (Fla. 1st DCA 1984). In the instant case, claimant returned to Burger King and was fired because of constant tardiness. There was no medical evidence that claimant was limited in her ability to perform adequately any job functions. Medical records reveal that claimant was released to work on the day the incident occurred. Furthermore, Dr. Thompson determined that claimant had full range of motion in her arm and that no work limitations should be imposed. Although, claimant testified that she was limited to light-duty work, her "subjective but medically unverified" testimony regarding her inability to continue job-related duties is insufficient, standing alone, to support the award of TPD benefits. Superior, supra, citing Standard Industrial Linen Co. v. Freeman, 419 So.2d 711, 713 (Fla. 1st DCA 1982). Therefore, claimant has failed to prove a causal connection between the injury and the inability to work.
Accordingly, the award of TPD benefits is reversed and remanded for further proceedings consistent herewith.
BOOTH, SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Claimant was terminated because of chronic tardiness.