654 So.2d 1178 (1995)
David J. THOMPSON, Appellant,
v.
CITY OF JACKSONVILLE, Appellee.
No. 92-3783.
District Court of Appeal of Florida, First District.
January 4, 1995.
*1179 Daniel C. Shaughnessy and Stephen M. Armstrong of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellant.
Thomas W. Arnold, Jr., General Counsel, Thomas E. Crowder, Asst. General Counsel, Jacksonville, for appellee.
BENTON, Judge.
David J. Thompson, a certified public accountant with a master's degree in business administration, hurt his back at work. In the workers' compensation order under review, the judge of compensation claims found that Mr. Thompson's back injury, while arising out of and in the course of his employment, was not the cause of any loss of wages, at any time after his physician told him he could return to work. We find no reversible error.
On June 26, 1991, Mr. Thompson suffered his compensable injury moving boxes, a bookcase or both. Twelve days earlier he had been notified that his services as Public Safety Director were no longer needed by the City of Jacksonville: He was preparing to vacate his office on June 30, 1991, to make room for his successor, when he sprained or strained his lower back.
On the "issue of a change in employment status as a result of the injury," Nickolls v. University of Florida, 606 So.2d 410, 413 (Fla. 1st DCA 1992), the claimant has the initial burden to show causation, a
burden [which] may be met by proof which encompasses medical evidence or evidence of a good-faith work search. Meek v. Layne-Western Co., 566 So.2d 31 (Fla. 1st DCA 1990). Once the claimant has satisfied the initial burden, the burden of proof shifts to the E/C to demonstrate a voluntary limitation of income or to demonstrate that the injury is not creating an impairment or work-related physical restriction which would limit the claimant's ability to perform appropriate employment. § 440.15(3)(b), Fla. Stat.
Id. at 412. In the present case, Judge Anderson found that the medical evidence did not establish, after October 28, 1991, any impairment pertinent to actualization of the accounting and managerial skills on which Mr. Thompson had depended for employment in recent years.
"To establish eligibility for ... benefits, a claimant has the initial burden of presenting evidence of a change in his employment status due to the compensable injury and of an adequate, good faith work search. Tampa Elec. Co. v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985); D & R Builders, Inc. v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984); Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982)." Edwards v. Caulfield, 560 So.2d 364, 374 (Fla. 1st DCA 1990) (emphasis supplied).
"Finding claimant excused from the job search requirement ... does not automatically entitle claimant to wage loss benefits." Coplin v. State, Dep't of Health and Rehabilitative Servs., 627 So.2d 1282, 1285 (Fla. 1st DCA 1993). The judge of compensation claims properly considered all the evidence, including medical evidence, even though he concluded that Mr. Thompson had no obligation to look for work (without finding that he had not in fact done so), "[i]nasmuch as the Employer/Carrier failed to send the statutory temporary partial/wage loss letter to the Claimant following his release to return to work by Dr. Franco."

*1180 Excusing a claimant from the work search responsibility does not absolutely discharge this initial burden, and does not permit a compensation award unless the circumstances demonstrate the necessary causal relation and change in employment status.
Nickolls, 606 So.2d at 414 (Allen, J., concurring). Where, for example, a
claimant would have maintained his employment [but for insubordination], ... the excusal of the work search requirement would be insufficient to establish a causal relationship between claimant's change in employment status and the industrial injury.
Publix Supermarket, Inc. v. Hart, 609 So.2d 1342, 1345 (Fla. 1st DCA 1992). "[T]he mere excusal of the work search requirement is not sufficient to establish the causal relationship between the change in employment status and the compensable injury." Hart, 609 So.2d at 1345, citing Edwards v. Caulfield, 560 So.2d 364 (Fla. 1st DCA 1990). Nor does the mere performance of a work search establish a causal relationship.
All relevant evidence must be considered. Whether it shows that an industrial accident resulted in the loss of wages depends on the "totality of the circumstances." Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984). Medical evidence is of particular importance in a case like the present one because "a lower back condition is not readily observable or subject to evaluation by lay persons. Arand Constr. v. Dyer, 592 So.2d 276, 281 (Fla. 1st DCA 1991); Vero Beach Care Ctr. v. Ricks, 476 So.2d 262, 264 n. 1 (Fla. 1st DCA 1985)." Atlas Van Lines v. Jackson, 642 So.2d 603 (Fla. 1st DCA 1994).
The judge of compensation claims found that Mr. Thompson was temporarily totally disabled "from June 27, 1991 to October 25, 1991 when he was released to return to work with restrictions," and awarded Mr. Thompson temporary total disability benefits from June 27, 1991, through October 25, 1991, and temporary partial disability benefits from October 26, 1991, through October 28, 1991, "the date on which he was placed at maximum medical improvement."
Record evidence does not support the finding that the claimant "was released to return to work with restrictions" at any time before October 28, 1991, three days after October 25, 1991. (Doctor Franco's notes for October 17, 1991, include a reminder to "recheck on 10/25," but Mr. Thompson's next appointment was on October 28, 1991.) This error was harmless since the claimant received compensation benefits through October 28, 1991, with no diminution on account of the mistaken finding. His average weekly wage was high enough that he received the maximum benefits allowed, both while deemed totally and while deemed partially temporarily disabled.
The judge of compensation claims found, on the basis of competent, substantial evidence, that any wage loss after October 28, 1991, was not causally connected to the compensable back injury that Mr. Thompson suffered. Although unfortunate, the fact that Mr. Thompson re-injured his back in February of 1992, while putting on his coat, lacks legal significance. The judge of compensation claims found that he reached maximum medical improvement from this re-injury on June 22, 1992. Competent substantial evidence supports this determination.
Two dates of maximum medical improvement (October 28, 1991 and June 22, 1992) appear in the order under review. This anomaly is not reversible error. More apparent than real, the discrepancy lacks significance in light of the judge's finding of no causation. See Cuccarollo v. Gulf Coast Bldg. Contractors, 500 So.2d 547, 548 (Fla. 1st DCA 1986) (ruling on a permanent impairment rating "is unnecessary in view of the determination that there was no causal connection between claimant's compensable accident and the wage loss sustained").
One "test for whether physical limitations subsequent to an accident are a contributing causal factor [of wage loss] is whether claimant's capabilities allow h[im] to return to and perform adequately h[is] prior job with the employer." Burger King v. Nicholas, 580 So.2d 656, 658 (Fla. 1st DCA 1991). Here the judge of compensation *1181 claims found that Thompson was physically capable of returning to City Hall; the job was just not available. Based on "the totality of the circumstances," the judge of compensation claims concluded that Thompson had "failed to prove a causal connection between his compensable injury and his later wage loss," after October 28, 1991.
We affirm the disposition below, and the dispositive finding that Mr. Thompson's wage loss after October 28, 1991, was not caused by the compensable back injury.
KAHN, J., concurs.
ZEHMER, C.J., dissents with opinion.
ZEHMER, Chief Judge (dissenting).
I do not agree that the evidence supports a finding of maximum medical improvement on October 28, 1991; hence, I am unable to agree with the majority that we are dealing with two dates of MMI rather than one. Further, I do not agree there is any basis in the record for denying temporary total benefits until the June 22, 1992, date of MMI. When Claimant returned to work in October 1991, the employer did not provide any notice of work search requirements and the requisite forms to be filed by Claimant. This neglect of an affirmative duty excused Claimant from the failure to perform adequate work searches during the relevant period. Moreover, notwithstanding this lack of notice, Claimant did make numerous work searches during the relevant period, although unsuccessfully, and no doubt did so because his maximum compensation benefit of $392 per week was well below his average weekly wage of $1200. Therefore, Claimant was entitled to receive wage loss benefits based on his continuing restrictions and 10% permanent impairment rating after reaching MMI, because Claimant had performed an extensive but unsuccessful job search which, even if inadequate, was excused because the employer failed to provide timely instructions and forms regarding the job search requirement.
Accordingly, I would reverse the order denying benefits and remand with directions to set the MMI date at June 22, 1992, award TTD benefits from the date of injury until that date of MMI, and award wage loss benefits based on permanent partial disability from that date to the date of hearing and, if appropriate, thereafter. For these reasons, I respectfully dissent.