813 So.2d 285 (2002)
Freddie BARFIELD, Appellant,
v.
UNIVERSAL FOREST PRODUCTS and Liberty Mutual Insurance Company; Integrated Health Services and Gallagher Bassett Services, Appellees.
No. 1D01-250.
District Court of Appeal of Florida, First District.
April 16, 2002.
Dean Burnetti, Lakeland, and Bill McCabe, Longwood, for Appellant.
J. Douglas Brown, III, and Theodore N. Goldstein of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee Universal Forest Products and Liberty Mutual Insurance Company.
Jennifer Tipton Pollock, Tampa, for Appellee Integrated Health Services and Gallagher Bassett Services.
PER CURIAM.
The claimant appeals a workers' compensation order by which her claim for temporary partial disability and related benefits was denied. In the appealed order the judge indicated that he did not believe the claimant with regard to her continuing physical complaints, as they were inconsistent with other evidence and his observation of the claimant at the hearing. The judge also determined that the claimant's psychiatric condition was not shown to be related to the industrial accident. *286 The judge further found that the claimant had reached maximum medical improvement and that she was able to work, but that she had voluntarily limited her income. We conclude that there is adequate record support for these findings, and that the claim for benefits was therefore properly denied.
The claimant argues that the judge should have more fully accepted certain medical opinions which were accepted in part. However, the judge is not required to choose between entirely believing or disbelieving all of a doctor's opinions, and may instead credit and rely on those opinions which are deemed to be reasonable and believable. There is no logical inconsistency here with regard to the opinions which the judge accepted and those which were rejected, and this assessment is a proper exercise of the judge's fact-finding authority.
The claimant also argues that the judge should not have faulted her for failing to make a job search, as this is no longer specified in the Workers' Compensation Law as a necessary precondition for an award of benefits. But while a job search is not an absolute requirement it is still necessary for the claimant to show a causal connection between the industrial injury and a resulting loss of earnings, and an unsuccessful job search may be a pertinent factor in determining whether the claimant has satisfied this burden. E.g., City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), rev. denied, 458 So.2d 271 (Fla.1984); see also Vencor Hospital v. Ahles, 727 So.2d 968 (Fla. 1st DCA 1998). Indeed, as indicated in Thompson v. City of Jacksonville, 654 So.2d 1178 (Fla. 1st DCA 1995), the judge should consider the totality of the circumstances in determining whether the claimant has proved the requisite causal relation. The circumstances here are sufficient to permit the conclusion that, given the findings as to the claimant's ability to work and her failure to seek any employment despite the availability of appropriate jobs, the claimant limited her income and did not establish that her loss of earnings was caused by the industrial injury.
As the claimant notes, the judge's finding that she was offered other appropriate work by the employer does not appear to be substantiated by the testimony at the hearing. Instead, the record indicates that other appropriate work was available but that it was not offered because the claimant quit her job. However, such an offer is not critical here, given the remainder of the circumstances and the findings which are predicated thereon. Because the circumstances otherwise support the judge's ruling and it appears that the judge would have reached the same conclusion regardless of whether a different job was actually offered, this finding does not undermine the denial of benefits.
The appealed order is affirmed.
WEBSTER and BENTON, JJ., and SMITH, LARRY G., Senior Judge, concur.