843 So.2d 915 (2003)
INTERIM SERVICES AND SPECIALTY RISK SERVICES, Appellants,
v.
Susan LEVY, Appellee.
No. 1D02-0681.
District Court of Appeal of Florida, First District.
February 21, 2003.
Rehearing Denied April 17, 2003.
*916 George W. Boring, III of Langston, Hess, Bolton, Znosko, Helm & Allen, P.A., Maitland, for Appellants.
Erick B. Grindal of Pemsler & Grindal, P.A., Coral Gables, for Appellee.
BROWNING, J.
Appellant seeks review of an order of the Judge of Compensation Claims (JCC) awarding temporary partial disability (TPD) benefits to the claimant for her compensable injury. We affirm in part, reverse in part, and remand for further proceedings.
The claimant was injured at work in 1997 but continued to work until August 1998, when she moved to North Carolina. Her job search in North Carolina, which included inquiry with a branch of her former employer, did not result in employment. The claimant filed a petition for benefits that resulted in an award of TPD for the 104 weeks following August 1998 evaluation and treatment by both a neurologist and psychiatrist, penalties and interest on all indemnity, and a denial of impairment and supplemental benefits as premature.
To the extent that Appellant alleges that the claimant was not entitled to benefits from August 1998 forward because she had reached maximum medical improvement (MMI) on September 4, 1997, we hold that there was competent substantial evidence in the record to support the JCC's finding that the claimant had not yet reached MMI. Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071 (Fla. 1st DCA 2003) (en banc). However, we reverse in part the JCC's order for another reason.
A claimant must show a causal connection between his or her injury and a subsequent wage loss before an award of temporary wage loss benefits is appropriate, and Appellant alleges that the claimant failed to meet this requirement. To determine whether an injury and a subsequent wage loss are causally connected, a JCC is to consider the totality of the circumstances. E.g., Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 684 (Fla. 1st DCA 1997). An unsuccessful job search such as the claimant's can be a factor in considering the totality of the circumstances as to the causal connection between the injury and wage loss. Barfield v. Universal Forest Prods., 813 So.2d 285 (Fla. 1st DCA 2002). However, the performance of a job search does not itself establish a causal relationship. Thompson v. City of Jacksonville, 654 So.2d 1178, 1180 (Fla. 1st DCA 1995). Generally, to establish such a causal relationship, a claimant can show that his or her capabilities preclude adequate performance of his *917 or her prior job. Id.; Nickolls v. Univ. of Fla., 606 So.2d 410, 413 (Fla. 1st DCA 1992); Burger King v. Nicholas, 580 So.2d 656, 658 (Fla. 1st DCA 1991). Here, there has been no such showing.
In Betancourt, this Court held that the claimant's work restrictions that prohibited heavy lifting supported an award of benefits where there was also evidence that the claimant's job entailed lifting computers weighing 70 pounds. Betancourt, 693 So.2d at 684. In the instant case, the work restriction accepted by the JCC required the claimant to avoid sitting for more than two hours at a time, avoid standing or walking for more than one hour at a time, avoid carrying or lifting more than 20 pounds, and avoid crouching, bending, stooping, crawling, or climbing. However, there is no evidence that the claimant's job, which included both desk work and "a fair amount of walking during the day," would have required her to do tasks outside the scope of her restricted abilities. In fact, the evidence is clear that the claimant voluntarily terminated her employment for personal reasons after satisfactorily performing her job duties for 13 months following her injury. Therefore, there is no competent substantial evidence that the claimant's physical capabilities precluded adequate performance of her old job, and the JCC reversibly erred by awarding TPD benefits to claimant.
Accordingly, we REVERSE the JCC's award of TPD benefits to the claimant for the 104 weeks following August 1998, AFFIRM the other aspects of the order, and REMAND for further proceedings.
DAVIS and POLSTON, JJ., concur.