PER CURIAM.
The City of Hollywood and Gallagher Bassett Services, the employer and servicing agent respectively, seek reversal of a worker’s compensation order granting temporary disability benefits under section 440.15(4), Florida Statutes (1995), as well as penalties, interest, attorney’s fees and costs to claimant, Gregory Cappozzia, a former employee of the City of Hollywood. The employer and carrier argue that the record lacks competent and substantial evidence that the employee experienced a wage loss causally connected to a compen-sable injury. We agree and reverse the order in its entirety. See Vencor Hospital v. Ahles, 727 So.2d 968, 969 (Fla. 1st DCA 1998)(explaining that after 1994 amendments to chapter 440, a claimant must still prove a causal connection between a work-related injury and a resulting wage loss to recover temporary partial disability benefits); West Point Stevens v. Wasson, 740 So.2d 44 (Fla. 1st DCA 1999)(reversing award of temporary partial disability benefits because there was no competent, substantial evidence supporting a causal connection between claimant’s .post-injury wage loss and her work-related injury); Interim Services and Specialty Risk Services v. Levy, 843 So.2d 915, 916-917 (Fla. 1st DCA 2003)(reversing award of temporary partial disability benefits because employee failed to make required, showing of a causal connection between injury and subsequent wage loss); Sanchez v. Wise Recycling, Inc., 843 So.2d 1025 (Fla. 1st DCA 2003)(reversing award of temporary benefits because claimant failed to show a causal connection between her injury and subsequent wage loss). Although the record reflects that the claimant was found eligible for a disability pension by the City’s pension board, that finding is not determinative of a causal connection between a work related injury and a wage loss under section 440.15.
REVERSED.
BOOTH, VAN NORTWICK and HAWKES, JJ„ concur.