CLARK, J.
 

 In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) denying his claim for temporary partial disability (TPD) benefits. Specifically, Claimant asserts the JCC erred in determining Claimant failed to establish a causal connection between his compensable injuries and wage loss. Because competent substantial evidence supports the JCC’s order, we affirm.
 

 Factual Background
 

 Claimant sustained an injury on October 4, 2006, while working as a repairman for the Employer/Carrier (E/C). The E/C accepted the accident as compensable and referred Claimant to a physician for treatment. Claimant was eventually released to medium-duty work and, in December 2006, Claimant resumed working for the E/C in a modified medium-duty position. Subsequently, on February 16, 2007, the E/C terminated Claimant for economic reasons. Claimant has not worked in any capacity since this time.
 

 On August 6, 2008, Claimant filed a petition for benefits seeking TPD benefits beginning February 17, 2007. The E/C defended against the claim by asserting that Claimant’s wage loss was not causally related to his workplace injury.
 

 After a final hearing, the JCC found Claimant made no meaningful attempt to seek employment until 2008. The JCC also found Claimant’s testimony regarding his attempts to return to work in 2008 “evasive and devoid of credibility.” The JCC found Claimant’s performance of medium-duty work exhibited his ability to perform more than menial tasks. Ultimately, the JCC concluded Claimant failed to establish a causal connection between his injuries and his inability to earn similar wages.
 

 Analysis
 

 At the outset, we note the JCC’s order comes to us clothed with a presumption of correctness.
 
 See Carroll Steel Erectors v. Alderman,
 
 599 So.2d 181 (Fla. 1st DCA 1992) (recognizing presumption of correctness afforded to JCC’s findings of fact). As such, the JCC’s factual findings will not be disturbed unless Claimant can demonstrate no competent substantial evidence supports them.
 
 See Ullman v. City of Tampa Parks Dep’t,
 
 625 So.2d 868, 873 (Fla. 1st DCA 1993).
 

 To obtain benefits, a claimant carries the initial burden of demonstrating a causal connection between his injury and subsequent wage loss.
 
 Interim Servs. v. Levy,
 
 843 So.2d 915 (Fla. 1st DCA 2003). Whether a claimant has established this requisite causal connection constitutes a question of fact determined by the JCC.
 
 Stewart v. CRS Rinker Materials Corp.,
 
 
 *903
 
 855 So.2d 1173, 1177 (Fla. 1st DCA 2003). A JCC is required to consider the totality of the circumstances in determining whether a claimant’s inability to work is causally related to his workplace injury.
 
 Id.
 

 Although a job search is not an absolute prerequisite for an award of workers’ compensation benefits, “it is still necessary for the claimant to show a causal connection between the industrial injury and a resulting loss of earnings, and an unsuccessful job search may be a pertinent factor in determining whether the claimant has satisfied this burden.”
 
 Barfield v. Universal Forest Prods.,
 
 813 So.2d 285 (Fla. 1st DCA 2002); see
 
 also Levy,
 
 843 So.2d 915 (noting unsuccessful job search can be a factor in considering totality of circumstances as to causal connection between injury and wage loss). Accordingly, the JCC may properly consider a claimant’s work search (or lack thereof) in the causation analysis.
 

 There is sufficient evidence to support the JCC’s conclusion that Claimant failed to establish the requisite causal link between his injury and loss of earnings. We further find the JCC did not err in considering Claimant’s unsuccessful job search as a factor in his assessment of the totality of the circumstances. Accordingly, we AFFIRM the JCC’s order.
 

 HAWKES, C.J., and ROBERTS, J., concur.