# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4210

_____

PUBLIX RISK MANAGEMENT and
PUBLIX SUPER MARKETS, INC.,

    Appellants,

    v.

TERESA CARTER,

    Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
Neal P. Pitts, Judge.

Date of Accident: February 17, 2017.

July 29, 2019

OSTERHAUS, J.

    In this workers' compensation appeal, the employer and carrier (E/C) argue that the claimant, Teresa Carter, is not entitled to temporary partial disability (TPD) benefits because her workplace injuries did not cause any wage loss. The E/C argue that any calculated wage loss stems not from Claimant's disability, but from her choice prior to the accident to take a lower-paying job and work close to her home. We agree and reverse because Claimant didn't show that she lost wages due to her disability.

## I.

In January 2017, Claimant changed jobs with Publix. She accepted a demotion from assistant deli manager to deli clerk so that she could work at a store closer to her home. This dropped her hourly wage from $17.75 per hour to $15.20 per hour and restricted her overtime-work opportunities.

Less than a month later, she suffered a compensable back accident while lifting rotisserie chickens in the deli. The E/C accepted compensability of the accident and provided authorized medical care for a cervical and thoracic strain condition. Claimant kept working her deli job after the accident, receiving the same hours as before the accident, albeit with a lifting restriction. She no longer worked the chicken area and was relieved of her former restocking duties.

Six months after the accident, Claimant filed a petition for benefits seeking an award of TPD benefits from the date of the accident as well as attorney's fees and costs. The E/C denied the petition on the basis that her claimed loss in earnings was caused by Claimant's own decision to take a demotion and lesser-paying job just before the date of accident.

The case proceeded to a final hearing before a Judge of Compensation Claims (JCC), where Claimant received the TPD benefits she sought. In awarding them, the JCC concluded that Claimant established a causal connection between the injury and her wage loss based upon the light-duty work restrictions ordered by doctors following her injuries. This timely appeal followed.

## II.

The E/C argue that Claimant is not entitled to TPD benefits because her workplace injuries caused no loss of wages. Claimant was able to work the same hours and earn the same wages in her deli-clerk job after the accident as she had been earning in the same job at the time of her injury.

To be eligible to receive TPD benefits, an employee must show a causal connection between a workplace injury and a resulting

inability to earn pre-injury wages. *See Vencor Hosp. v. Ahles*, 727 So. 2d 968, 969 (Fla. 1st DCA 1998), *superseded on other grounds by statute*; *Betancourt v. Sears Roebuck & Co.*, 693 So. 2d 680 (Fla. 1st DCA 1997). The test used to determine whether an injured worker's disability has contributed to a loss of wages is generally "whether a claimant's capabilities allow her to return to and adequately perform her prior job with the employer, and whether the workplace injury caused a change in employment status resulting in a reduction of her wages below 80% of her pre-injury average weekly wage." *Wyeth/Pharma Field Sales v. Toscano*, 40 So. 3d 795, 799 (Fla. 1st DCA 2010).

In this case, there isn't competent substantial evidence that Claimant's disability caused a loss of wages. Rather, the E/C accommodated Claimant's light-duty restrictions and she continued working in her same deli-clerk job after the injury. The claimant-friendly wage loss calculation in the final compensation order stems not from the injury, but from Claimant's decision to move from a higher-paying deli-management job to a lower-paying deli-clerk job just before the compensable accident occurred. Inclusion of thirteen weeks of wage data in this calculation creates a statutorily significant disparity in pre- versus post-injury wages unrelated to the injury. This type of wage disparity that arises separate from the injury cannot form the basis for an award of TPD benefits. Rather, there must be a connection between the wage loss and workplace injury. *Ahles*, 727 So. 2d at 969.

The *Ahles* case addressed a similar wage-loss-calculation issue involving a non-injury-related cause.[1] In *Ahles*, a nurse injured her hand on the job, but returned immediately to her full-time work at the hospital, performing light-duty jobs within her physical limitations. *Id.* at 968. Before reaching maximum medical improvement, however, the hospital terminated her for theft. *Id.* Her termination caused a loss of wages. She filed for TPD benefits and they were initially awarded based upon the statutory

---

[1] After *Ahles*, the Legislature amended § 440.15(4) to create an absolute bar to TPD benefits for those employees terminated from post-injury employment for "misconduct." § 440.15(4)(e), Fla. Stat. (2003).

calculation comparing the applicable percentage of her average weekly wage against an assumed total loss of earning capacity. *Id.* at 968-69. This court reversed, however, because Ms. Ahles's disability did not contribute to her lost wages. *Id.* at 969. In reversing, we noted that TPD benefits are compensation "for disability." *Id.* (quoting § 440.15, Fla. Stat.). And "disability" is defined by § 440.02(13) as "incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury." *Id.* Under the workers' compensation statute, we concluded that an injured employee could recover TPD benefits "only if a disability caused by a work-related injury results in a reduction in the employee's earning capacity." *Id.* In Ms. Ahles's case, even though "the reduction in [her] income was enough, from a purely mathematical standpoint, to require the payment of [TPD] benefits[,] . . . the reduction in [her] income below the minimum statutory level was caused by her termination for misconduct, not her disability." *Id.* And because her "disability" did not contribute to her lost wages, she could not recover TPD benefits. *Id. See also Interim Servs. v. Levy*, 843 So. 2d 915, 916-17 (Fla. 1st DCA 2003) (reversing a TPD award where the injured claimant returned to her job and there wasn't competent substantial evidence of a causal connection between the injury and post-termination lost wages).

Here, as in *Ahles*, the work restrictions from Claimant's injury did not reduce her earning capacity or wages. Claimant was able to return to her same job full-time (albeit with restrictions) after the accident. Even though Claimant could calculate a post-injury reduction in income below the statutory level as a mathematical matter, the reason for the reduction did not stem from her disability. Rather, the reduction resulted from Claimant's decision to leave her higher-paying job for a lower-paying job just a few weeks before the accident occurred. Under these circumstances, Claimant did not make the required showing of a causal connection between her injury and lost wages. And thus she cannot recover TPD benefits because her injury did not cause a reduction in her earning capacity.[2]

---

[2] We also reject Claimant's 120-day-rule argument for affirming this appeal, *see* § 440.20(4), Fla. Stat., because the workplace injury did not cause a reduction of wages. *See Payne v.*

### III.

Because Claimant didn't show that her loss of earnings was caused by her disability, the award of TPD benefits is reversed. In view of our reversal of the TPD benefits award, we need not address the merits of the E/C's other arguments.

REVERSED.

B.L. THOMAS and ROWE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

John E. McLain, III and Elise G. Phillips of Rissman, Barrett, Hurt, Donahue, McLain & Mangan, P.A., Orlando, for Appellants.

Bill McCabe of William J. McCabe, P.A., Longwood, and Don P. Harvey of Harvey Law, LLC, Oviedo, for Appellee.

_____

*AllStaff Inc/Summit*, 44 Fla. L. Weekly D710 (Fla. 1st DCA Mar. 13, 2019) (where the 120-day rule established compensability of the injury, but, "[n]evertheless, Claimant's prima facie burden here also included proof that her workplace injury caused a reduction of wages below 80% of her pre-injury average weekly wage").